Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
schristie@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

Erik Paul Belt
Alexander L. Ried
Anne E. Shannon
**McCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
aried@mccarter.com
ashannon@mccarter.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UPWARD SALES LIMITED; NU COBALT; 8STREME; SALTECH LLC; and LAMBO PRODUCTS INC. <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Hayward Industries, Inc. ("Hayward") alleges against Defendants Upward Sales Limited, Nu Cobalt, 8Streme, Saltech LLC as well as Lambo Products Inc. (collectively, "Defendants") claims of trademark infringement, false advertising, counterfeiting, passing off, false designation of origin, unfair competition, and related claims, all in violation of the Lanham Act (15 U.S.C. § 1051 *et seq.*), as well as violation of New Jersey statutory and common law.

## THE PARTIES

1.      Hayward is a New Jersey corporation having its principal place of business at 400 Connell Drive, Suite 6100, Berkeley Heights, New Jersey 07922.

2.      On information and belief, Upward Sales Limited ("Upward Sales") is a Hong Kong company with an address of Flat A, 8/F., Hing Win Industrial Building 110 How Ming Street, Kwun Tong, Kowloon, Hong Kong.  Upward Sales also has a place of business in the United States at 4010 Higuera Rd, San Jose, CA 95148.

3.      Upward Sales controls and/or operates 8Streme, a New Jersey company with a principal place of business at 1116B Industrial Parkway, Brick, New Jersey 08724.  8Streme appears to be either a *d/b/a* of Upward Sales or a company that is fully owned, operated, and/or controlled by Upward Sales.  8Streme operates a retail website at www.8streme.com.

4.      Upward Sales also controls and/or operates Saltech LLC, a Wyoming limited liability company with a principal place of business at 274 White Oak Court, Brick, New Jersey 08724.  Saltech LLC operates a retail website at www.saltechllc.com.

5.      Upon information and belief, Nu Cobalt is a Hong Kong company that has a principal place of business at 18 Tai Lee Street, Yuen Long, Hong Kong.  Upon information and belief, Upward Sales owns or controls Nu Cobalt.  For example, Upward Sales is identified in the records of the U.S. Patent and Trademark Office ("USPTO") as the registrant of the NU COBALT® trademark registration. To the extent that Nu Cobalt is not itself incorporated, it is a trade name of Upward Sales.  Nu Cobalt operates a retail website at www.nucobalt.com.

6.      Upon information and belief, Martin Hui is the owner of Upward Sales and is simultaneously the owner and/or managing agent of 8Streme, Saltech LLC, and Nu Cobalt.  Either Upward Sales is the parent company or owner of 8Streme, Saltech LLC, and Nu Cobalt; or 8Streme, Saltech LLC, and Nu Cobalt are *d/b/a*'s of Upward Sales; or there is another shared, direct relationship of control, common ownership, management, cooperation, and/or contract (*e.g.*, manufacturer/importer/supplier) among these companies.

2

7.     Lambo Products Inc. is a California company with a principal place of business at 140B S. Whisman Road, Mountain View, CA 94041.  Upon information and belief, Joseph Hui is the owner of  Lambo Products Inc.  Upon information and belief, Joseph Hui is related to Martin Hui.  Joseph Hui and Martin Hui ("Messrs. Hui") act in concert to control Lambo Products Inc.

8.     Upward Sales, 8Streme, Saltech LLC, Nu Cobalt and Lambo Products are all connected to each other and act in concert.  Given the close relationship of the Defendants, and the shared control that Messrs. Hui exert over the Defendants, all accused activities herein will be ascribed collectively to Defendants, unless otherwise noted.

## JURISDICTION AND VENUE

9.     This action arises under federal law, in particular, under the Lanham Act §§ 32(1) and 43(a) (15 U.S.C. §§ 1114(1) and 1125(a)).  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark and unfair competition cases).

10.    This case also arises under the statutory and common law of New Jersey.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims because they arise from, or form part of, the same case or controversy as the federal law claims.

11.    This Court has personal jurisdiction over 8Streme and Saltech LLC because both 8Streme and Saltech LLC are headquartered and have principal places of business in New Jersey.

12.    This Court has personal jurisdiction over Upward Sales because Upward Sales manufactures and supplies all the other Defendants with the infringing and counterfeit products with knowledge and control as to how the products will be advertised, including as to the Defendants headquartered in New Jersey (8Streme and Saltech LLC).  In addition to supplying these New Jersey companies with the infringing and counterfeit products, Upward Sales controls

and maintains ownership over all of the Defendants.  As such, Upward Sales has directly, or in concert with the Defendants it controls, regularly engaged in business in New Jersey by, for example, falsely advertising, offering for sale, and selling infringing, counterfeit products in New Jersey. Upward Sales also owns, controls, and/or operates 8Streme and Saltech LLC, both of which are headquartered in New Jersey.  Alternatively, 8Streme and Saltech are simply *d/b/a*'s of Upward Sales.  As such, Upward Sales has places of business in New Jersey through its ownership, control, or operation of 8Streme and Saltech.  Upward Sales also attended the 2020 Northeast Spa and Pool Association's Pool & Spa Show in Atlantic City, New Jersey, where it exhibited or promoted infringing products.

13.     This Court has personal jurisdiction over Nu Cobalt and Lambo Products because Nu Cobalt and Lambo Products advertise, offer for sale, and sell infringing and counterfeit products to consumers in New Jersey through websites and national retail platforms.

14.     Defendants, acting in concert or with the express knowledge and approval of each other's actions, advertise, offer for sale, and sell the infringing products through their own interactive, retail websites, including www.nucobalt.com, www.8streme.com, and www.saltechllc.com.  Defendants also advertise, offer for sale, and sell the infringing products through national and international retail websites, like Amazon.com and eBay.com.  Defendants do not place any geographic restrictions on who can view the on-line advertisements or purchase products from their websites and from the national and international retail websites.  As such, the infringing advertisements and products are made available to New Jersey residents.

15.     Nu Cobalt's website shows that it advertises and sells to customers and potential customers throughout the United States, including in New Jersey.  Nothing on Nu Cobalt's website demonstrates that it restricts sales to any particular jurisdiction.  New Jersey residents may view

infringing advertisements and purchase infringing products from the website. Indeed, as seen below, Nu Cobalt claims that it ships the infringing products "nationwide."



## Chlorinator Cells

### Salt Water Chlorinator Cells for Hayward and Aquarite chlorine generator



**Nu Cobalt T9 Salt Water chlorinator Cell. NC T-9 White Body, Cleaning Stand and 2 O-Rings. 2 Years USA Warranty.**
From $294



**Nu Cobalt Pool Salt Cell Cleaning Stand Compatible With NC T-9, NC T-15 and other salt cells**
$12.70

https://nucobalt.com/collections/cc  (accessed April 12, 2021).

16.     Venue is proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omission giving rise to Hayward's claims have occurred in this District, 8Streme and Saltech LLC reside in this District; and Upward Sales, Nu Cobalt and Lambo Products are subject to this Court's personal jurisdiction, as alleged above.

5

## FACTUAL BACKGROUND

### A.    Introduction

17.    Hayward is a leading manufacturer of equipment for swimming pools, including pumps, heaters, filters, and chlorination systems, among other products.  Hayward has been in business for over 80 years and has become one of the largest manufacturers and sellers of residential pool equipment in the world.

18.    Hayward offers a vast array of commercial and residential swimming pool and spa products under numerous brands, including under HAYWARD®, as well as under several HAYWARD-formative marks and designs.  Hayward's brands also include, for example, AQUA RITE®, SWIMPURE®, GOLDLINE®, T-CELL-3®, T-CELL-9®, T-CELL-15®, PRO LOGIC®, AQUA PLUS®, Aqua Logic™, Aqua Rite Pro™, and Aqua Rite XL™.  Due to the high quality components, materials, and engineering of Hayward's branded products, they have had and continue to enjoy significant commercial success and customer satisfaction.  Hayward has spent significant time and resources developing, advertising, and protecting its brands, and those efforts, along with the high quality of the products, have resulted in considerable consumer goodwill.

19.    Among Hayward's most popular and profitable products is the AQUA RITE® chlorine generation system, which includes as a component salt chlorination cells sold under various brand names, such as TURBO CELL®, GOLDLINE®, T-CELL-15®, and other T-CELL-formative marks.  HAYWARD® AQUA RITE® chlorine generation systems and the associated salt chlorination cells have been on the market for nearly 25 years, and Hayward has sold over one million units of these products.

20.    By way of background, pool chlorine generators are electronic systems that turn salt into chlorine to sanitize a pool, eliminating the need to manually add liquid chlorine or chlorine

ME1 36399248v.1

tabs, among other benefits.  These systems include various component parts, including in particular the salt cells.  A salt cell is part of a larger salt chlorination system (*e.g.*, the AQUA RITE® system) that includes a controller circuit box and various other fittings and components.  For example, a T-CELL-15® salt cell may be included as part of a Hayward AQUA RITE® salt chlorination system when that system is first installed.  The T-CELL™ line of salt cells includes the T-CELL-3®, T-CELL-9®, and T-CELL-15® salt cells.

21.     Further information about these HAYWARD® salt cells is freely available to the public, including, for example, in this popular YouTube video, "How to Clean Your Hayward Salt Chlorination     TurboCell,"     which     can     be     found     at https://www.youtube.com/watch?v=4Kn5MD7lDyQ.  As of April 14, 2021, this video alone had at least 587,629 views, attesting to the popularity and consumer recognition of HAYWARD® salt cells and chlorination systems.

22.     Shown below is a  HAYWARD® T-CELL-15® salt cell.  Some models also bear the TURBO CELL® and GOLDLINE® marks.  As seen in the two photos below (the second one being a close-up of a product label), Hayward displays the HAYWARD®, TURBO CELL®, T-CELL-15®, and GOLDLINE® marks directly and prominently on these products.





23.    For decades, products sold under the Hayward Marks, such as HAYWARD® T-CELL-3®, T-CELL-9®, T-CELL-15®, and AQUA RITE® have enjoyed enormous commercial success and have commanded premium prices.   Given the strong commercial success of Hayward's salt cells, Defendants have chosen to unfairly trade on their popularity and goodwill, as further detailed below.

**B.    Hayward's Trademark Rights**

24.    Hayward owns a family of HAYWARD-formative marks, including the federally-registered HAYWARD® mark, U.S. Reg. No. 3,969,301, having been used in commerce since 1956 in connection with various swimming pool equipment, including, *inter alia*, "salt and chlorine generators and parts and fittings thereof" and, since 1996, in connection with "electrolytic chlorine generators," among other electronically controlled components.   This trademark was registered on May 31, 2011, and, by virtue of years of continuous and uncontested use, is incontestable under 15 U.S.C. § 1065.  HAYWARD® serves as the house mark for Hayward's extensive collection of pool equipment products.

8

25.     Since at least as early as 1997, Hayward has owned and used the trademark AQUA RITE®, U.S. Reg. No. 3,704,835, in connection with electrolytic chlorine generation systems for use with swimming pools and spas. The mark was registered on November 3, 2009, and, due to years of exclusive and uncontested use, has become incontestable under 15 U.S.C. § 1065.

26.     Hayward likewise owns the federally-registered mark GOLDLINE®, U.S. Reg. No. 5,726,797, having been used in commerce since 2004 in connection with "salt and chlorine generators for use in swimming pools, spas, hot tubs, whirlpools, and other recreational bodies of water." The mark was registered on April 16, 2019.

27.     In addition to the above marks, Hayward also owns the federally-registered mark SWIMPURE®, U.S. Reg. No. 5,932,470, claiming use in commerce since 2006 in connection with electronic chlorine generators and parts and fittings therefor that produce chlorine from salt for use in swimming pools and other recreational bodies of water. This mark was registered on December 10, 2019.

28.     Hayward also owns the federally-registered mark T-CELL-3®, U.S. Reg. No. 6,085,072, having been used in commerce since 2009 in connection with electronic chlorine generators for use with swimming pools and spas. The T-CELL-3® mark was registered on June 23, 2020.

29.     Likewise, Hayward owns the federally-registered mark T-CELL-9®, U.S. Reg. No. 6,085,074, having been used in commerce since 2009 in connection with electronic chlorine generators for use with swimming pools and spas. This mark was registered on June 23, 2020.

30.     Hayward further owns the federally-registered mark T-CELL-15®, U.S. Reg. No. 6,085,079, having been used in commerce since 2009 in connection with electronic chlorine generators for use with swimming pools and spas. The mark was registered on June 23, 2020.

ME1 36399248v.1

31.     Additionally, Hayward owns the federally-registered mark PRO LOGIC®, U.S. Reg. No. 3,538,131, having been used in commerce since 2007 in connection with multi-purpose controller for residential swimming pools and spas for controlling water chlorination, filter pump timing and temperatures.  The mark was registered on November 25, 2008.

32.     Moreover, Hayward owns the federally-registered mark AQUA PLUS®, U.S. Reg. No. 3,464,568, having been used in commerce since 2007 in connection with electronic control systems comprised of an electrolytic chlorine generator and multi-purpose controller for controlling the operation, sanitization and maintenance of swimming pools, spas and other recreational bodies of water.  The AQUA PLUS® mark was registered on July 8, 2008.

33.     Copies of the registration certificates for the above-referenced trademarks are collected in **Exhibit A**.  As noted above, several of these registered marks have been used continuously in commerce for more than five years without challenge.  Thus, these marks have become "incontestable" within the meaning of 15 U.S.C. §1065.  Accordingly, they constitute conclusive evidence of (i) Hayward's ownership of these marks; (ii) the validity of these marks; (iii) the validity of the registration of these marks; and (iv) Hayward's exclusive right to use these marks throughout the United States in connection with pool products, namely chlorine generator systems.

34.     Hayward also owns common law rights to the marks AQUA LOGIC™, AQUA RITE PRO™, and AQUA RITE XL™, which are used to identify and designate electrolytic chlorine generation systems for use with swimming pools and spas.

35.     Hayward has continuously used most of the above-referenced marks (the "Hayward Marks") on and in connection with electrolytic chlorine generators and salt cells for at least the past 20 years and, in some cases, even longer.  Over the years, Hayward has invested millions of

dollars in the development, engineering, manufacturing, marketing, advertising, and sale of products bearing the Hayward Marks.

36.     By virtue of Hayward's continuous use of the Hayward Marks on and in connection with its salt cells and chlorine generation systems, Hayward's efforts and money spent marketing and promoting these salt cells, and the high quality of the products bearing the Hayward Marks, consumers have come to identify the Hayward Marks with Hayward's high quality pool products, chlorine generation systems and accompanying salt cells, which have generated substantial goodwill in these marks and associated products.

37.     Indeed, as a result of that goodwill, the chlorine generation systems and salt cells bearing the Hayward Marks command a premium price in the market.  Hayward has sold over one million chlorine generation systems and salt cells combined over the years.

38.     Given the strong commercial success of the HAYWARD® line of products, Defendants have chosen to counterfeit them and to unfairly trade on Hayward's popularity and goodwill.   In particular, Defendants advertise and sell products bearing one or more of the Hayward Marks, or marks confusingly similar thereto, in connection with its replacement salt cells by luring consumers with, for example, advertisements for "T-Cell-15 Generic Hayward" salt cells. Defendants also falsely advertise that their own brand and generic salt cells are compatible with, and exceed the original equipment manufacturer ("OEM") specifications of the Hayward salt cells.

### C.     The Market for Replacement Salt Cells

39.     Hayward advertises and sells chlorine generation systems, including salt cells, bearing one or more the Hayward Marks through various distribution channels, including through its authorized local and national pool equipment distributors, dealers, and retailers (both brick-and-mortar and on-line).

ME1 36399248v.1

40.     Because salt cells need to be replaced periodically, a market for replacement salt cells has arisen.  Hayward sells the majority of its salt cells as replacements to be used in its chlorine generation systems.

41.     Defendants compete directly with Hayward in this market for replacement salt cells. Defendants advertise and sell lower priced infringing and counterfeit Hayward replacement salt cells while profiting from Hayward's hard-won and extensive reputation and goodwill.

42.     As alleged in full below, Defendants also compete unfairly by falsely advertising or passing off their replacement salt cells as HAYWARD® replacement cells, particularly as T-CELL-9® and T-CELL-15® salt cells, by infringing Hayward's trademarks, by counterfeiting, and by improperly trading on Hayward's brand and source recognition and goodwill.

   **D.     Defendants' Unlawful Conduct**

          **1.     Amazon.com**

43.     Amazon operates the world's largest online retailer, which consumers, including consumers in New Jersey, can browse by visiting www.amazon.com.  Defendants advertise and sell their infringing products on Amazon.com, as seen below.

44.     Defendants advertise and sell their generic salt cells emblazoned with marks that are counterfeits of, or confusingly similar to, Hayward's T-CELL-15® and T-CELL-9® marks, such as "T-15" and "T-9," as seen below.

12



**Nu Cobalt T15 Salt Water chlorinator Cell. NC T-15 White Body. 2 Years USA Warranty. (Not Made by Hayward)**
Brand: Nu Cobalt

Price: **$367.00** & FREE Returns

Pay **$61.17/month for 6 months** (plus S&H, tax) with 0% interest equal monthly payments when you're approved for an Amazon Store Card.

- Solid white body housing. You can clean the cell before heavy calcium coated on your plate which could cause permanent damage
- Titanium cell plates with MMO coating extend the lifespan of the Salt Cell. For use on pools up to 40K Gallons
- Our salt cell will automatically generate a renewing supply of chlorine for your pool giving you clean, safe, soft luxurious water for you to relax and enjoy!
- Direct replacement for commonly used 13 plates salt cell. It is also fully compatible to commonly used reverse polarity salt systems. It works well for old software such as our R1.14 version software until modern up to date software versions.
- This cell is not associated with Aqua Rite, Goldline, Turbo Cell, Swimpure, T-Cell-15, Pro Logic, Aqua Plus, Aqua Logic, Aqua Rite Pro, Aqua Rite XL. All these trademarks or registered trade marks of respective company and unrelated to Nu Cobalt.

https://www.amazon.com/Nu-Cobalt-chlorinator-Warranty-Hayward/dp/B08TMB9ZQP/ref=sr_1_6?dchild=1&keywords=Nu+Cobalt&qid=1617815042&sr=8-6 (accessed April 7, 2021).



**Nu Cobalt T9 Salt Water chlorinator Cell. NC T-9 White Body. 2 Years USA Warranty. (Not Made by Hayward)**
Brand: Nu Cobalt

Price: **$274.00** & FREE Returns

Pay **$45.67/month for 6 months** (plus S&H, tax) with 0% interest equal monthly payments when you're approved for an Amazon Store Card.

- Solid white body housing with Blue Cap. You can clean the cell before heavy calcium coated on your plate which could cause permanent damage
- Titanium cell plates with MMO coating extend the lifespan of the Salt Cell. For use on pools up to 25K Gallons
- Our salt cell will automatically generate a renewing supply of chlorine for your pool giving you clean, safe, soft luxurious water for you to relax and enjoy!
- Direct replacement for commonly used 13 plates salt cell. It is also fully compatible to commonly used reverse polarity salt systems. It works well for old software such as the R1.14 version upto modern up to date software versions.
- This cell is not associated with Aqua Rite, Goldline, Turbo Cell, Swimpure, T-Cell-9, Pro Logic, Aqua Plus, Aqua Logic, Aqua Rite Pro, Aqua Rite XL. All these trademarks or registered trade marks of respective company and unrelated to Nu Cobalt.

https://www.amazon.com/Nu-Cobalt-chlorinator-Warranty-Hayward/dp/B08TLY5PZH/ref=sr_1_1?dchild=1&keywords=Nu+Cobalt&qid=1617843569&sr=8-1 (accessed April 7, 2021).

45.     On information and belief, Upward Sales manufactures these salt cells and/or

supplies them to Nu Cobalt, and Nu Cobalt sells them on Amazon.com.

13

46.   Defendants also falsely advertise and improperly pass off their salt cells as genuine HAYWARD® T-CELL-15® salt cells.  For example, as seen in the screen shots below (annotated), when a consumer searches on Amazon.com for Hayward's "t-cell-15," he or she is directed to Defendants' salt cell, which in all material respects appears to be a Hayward T-CELL-15 salt cell.



https://www.amazon.com/s?k=t-cell15&ref=nb_sb_noss (accessed December 16, 2020).

47.   The advertisement and product description for the circled search result above includes more of the Hayward Marks, as seen below (highlight added).

14



48.     As seen above, the ad uses in the headline the mark "T15," which is intentionally and confusingly similar to Hayward's T-Cell-15® mark. The ad also uses without authority or permission other Hayward Marks such as Hayward®, Goldline®, Aqua Rite®, Swimpure®, AquaRite Pro™, Aqua Rite XL™, Aqua Plus®, Aqua Logic™, and Pro Logic®.

15

49.     The Amazon results screen also includes context-based advertising, triggered by the keywords entered.  Through Amazon, a retailer can select and buy keywords that it anticipates a consumer may enter when searching for products.  When those keywords are entered, the retailer's advertisement appears in the search results.  As seen above, Defendants intentionally use the Hayward Marks prominently in their headlines and product descriptions and use confusingly similar marks to manipulate search results, recommendations, and ultimately to confuse consumers, as described in more detail below.  Upon information and belief, Defendants purchase from Amazon keywords that are based on the Hayward Marks to improve their chances of appearing in searches for Hayward salt cells.

50.     Because Defendants' salt cells appear prominently in the search for Hayward salt cells, consumers are more likely to confuse them for genuine Hayward salt cells or, at least, products that are somehow authorized or sponsored by, or affiliated with, Hayward.  That false association is particularly likely given that, as seen above, Defendants, such as Nu Cobalt, advertises the salt cells as "direct replacement for," for example, "Hayward Aquarite T-Cell-15," and "compatible" with, for example, "Hayward Swimpure," "Goldline," and "AquaRite, AquaRite Pro, Aqua Rite XL, Aqua Plus, Aqua Logic, Pro Logic."  As alleged below, these statements are false or misleading and also lead consumers to mistakenly associate Defendants' products with Hayward.

51.     Defendants are falsely and misleadingly suggesting to consumers that the product is a genuine Hayward product, or because the product is supposedly a "direct replacement for" or "compatible with" the Hayward system, is somehow authorized or sponsored by Hayward.  Consumers will mistakenly believe that these salt cells originate from, are affiliated with, and/or are sponsored, authorized, or approved by Hayward, thus causing likelihood of confusion.  Indeed,

16

as seen in Section D.6 below, Defendants' salt cells are not compatible with, nor comparable to, Hayward's salt chlorination systems and products.

52.     Furthermore, the above advertisement also includes false statements that these supposed Hayward products include a "2 years extended service," which adds to the confusion. Consumers who purchase this product are thus likely to be confused and to contact Hayward when they have a problem with the Defendants' salt cells.  But because the product is not a Hayward product, and thus not under the Hayward warranty, the dissatisfied customers will mistakenly blame Hayward and are likely to complain on Yelp.com or other consumer ratings social media sites. Such confusion will harm Hayward's goodwill and reputation among Hayward's current and prospective customers and thus tarnish its brand.

### 2.     Nucobalt.com

53.     Defendants also deceptively and falsely advertise purported Hayward replacement salt cells on www.nucobalt.com.  T15 appears directly on Nu Cobalt's counterfeit salt cell, as seen above.  Furthermore, as seen in the advertisement below from Nu Cobalt's website, Defendants use the "T15" mark as the leading portion of the headline for the product listing.  T15 is a counterfeit of, or confusingly similar to, Hayward's T-CELL-15® mark.

ME1 36399248v.1



https://nucobalt.com/collections/cc/products/t15combo (accessed December 16, 2020).

54.     Upon information and belief, Upward Sales manufactures and/or supplies the above products to Nu Cobalt, and Nu Cobalt sells them on www.nucobalt.com and on other retail platforms.  Defendant Upward Sales has knowledge of, approves of or controls Nu Cobalt's advertisements (like the advertisement above) through its ownership or control of Nu Cobalt.

55.     Additionally, as seen below, Nu Cobalt falsely claims that its salt cell is a "direct replacement" for Hayward's and claims, falsely and without Hayward's authorization, that its salt cell is "compatible with AquaRite Software … Hayward SwimPure + with controls, Goldline Controls, AquaRite, AquaRite Pro, Aqua Rite XL, Aqua Plus, Aqua Logic, Pro Logic."  In fact, as seen in Section D.6 below, the product is not compatible with, nor comparable to, Hayward's salt chlorination systems and component salt cells.

56.     Also as seen below, Nu Cobalt's reference to Hayward's trademark in the except from the ad below—"Hayward is a registered trademark of Hayward Industries, Inc."— misleadingly suggests to consumers that Nu Cobalt is using the Hayward Marks with Hayward's

18

permission or authorization, or that Nu Cobalt's products are somehow affiliated with, or endorsed

by, Hayward.

Great value combo unit includes a salt water chlorinator cell, cell cleaning stand and a pair of chemical resistant O-Shape Ring

The Cell:

Solid white body housing. You can clean the cell before heavy calcium coated on your plate which could cause permanent damage

- For use on pools up to 40K Gallons
- Titanium cell plates with MMO coating extend the lifespan of the Salt Cell.
- Direct replacement for Hayward Aquarite T-Cell-15 Salt Cell
- White cell housing
- Our salt cell will automatically generate a renewing supply of chlorine for your pool giving you clean, safe, soft luxurious water for you to relax and enjoy!
- Cell is compatible with AquaRite Software r1.14 thru current software version r1.59
- Our Cell is compatible with Mineral Springs MS10/MS11, Hayward SwimPure + with controls, H-40, and Goldline Controls AquaRite, AquaRite Pro, Aqua Rite XL, Aqua Plus, Aqua Logic, Pro Logic

Warranty: To give you extra peace of mind, we offer 2 years USA warranty (Only applicable to Salt Cell Replacement Combo):

- First 30 days: Free return and full refund. Try it out and does not work or simply not happy with it? We pay return shipping and refund full amount to you;

- After 30 days in the first year: You pay shipping to return the defective unit to us and we ship a brand new unit to you;

- Second year: It is prorated. You have 50% of your original purchase price credit apply to your purchase of a brand new salt cell from the same sales channel.

- Keep your purchase record for proof of purchase.

Hayward is a registered trademark of Hayward Industries, Inc.

19

https://nucobalt.com/collections/cc/products/t15combo (accessed December 16, 2020).

57.     Additionally, Defendants also label the packaging and boxes of their products with the "T9" and "T15" marks, as seen on the below image from the Nu Cobalt website.



https://nucobalt.com/blogs/learn-more/salt-water-chlorinator-principle (accessed May 17, 2021).

58.     A closer look at the image above reveals that the salt cell itself also bears the "T9" mark, as seen below.

20



https://nucobalt.com/blogs/learn-more/salt-water-chlorinator-principle (accessed May 17, 2021).

### 3.   8Streme

59.     Defendants also deceptively and falsely advertise infringing salt cells on www.8Streme.com, as seen below.

21



https://www.8streme.com/salt-cells/ (accessed December 16, 2020).

60.     Upward Sales has knowledge of, approves, or controls 8Streme's advertisements (like the advertisement above) through its ownership and/or control of 8Streme.

61.     As seen above, Defendants falsely claim that these salt cells are "DIRECT replacements for Hayward, Gold line, and Aquarite," "are manufactured to exceed the original OEM specifications," and are "plug and play with no complicated wiring or programming," which misleadingly suggests to consumers that Hayward makes these salt cells, or at least approves of and endorses them.   As seen in Section D.6 below, Defendants' salt cells are not direct replacements for Hayward's products, are not "plug and play," and do not exceed the original OEM specifications.   They are not compatible with, nor comparable to, Hayward's salt chlorination systems and products.

22

62.    Not only do Defendants use Hayward's marks without permission or authorization, Defendants also use marks similar to Hayward's T-CELL-formative marks ("T-15, T-9 and T-3") which further suggests sponsorship or association with Hayward.

### 4.    Saltech LLC

63.    Defendants also deceptively advertise and sell infringing salt cells on www.saltechllc.com, as seen below.



Click for images of HC-40G

- Replacement cells for Hayward®, Goldline®, and Aquarite® salt chlorine generators
- Plug-and-play connectivity
- Up to 40,000 gallons
- 3-year warranty

Saltech introduces its latest replacement saltwater chlorination cells that are DIRECT replacements for Hayward®, Goldline®, and Aquarite® saltwater chlorine systems. These cells are manufactured to exceed the original OEM specifications and are priced at a fraction of the originals' cost. Saltech cells are plug-and-play with no complicated wiring or programming.

These cells are available in classic white PVC or crystal clear housings. We support all models including T-15, T-9, and T3. All Saltech products are delivered with easy to understand installation instructions, and backed by our prompt and courteous customer and technical service team.

ETL® Listed to UL® Standard 1081

http://www.saltechllc.com/saltwater-replacement-cells (accessed December 16, 2020).

64.    On information and belief, Upward Sales manufactures and/or supplies the above products to Saltech, and Saltech sells them on www.saltechllc.com.  Upward Sales has knowledge

of, approves, or controls Saltech's advertisements (like the advertisement above) through its ownership and/or control of Saltech.

65.     Defendants claim that these salt cells "are manufactured to exceed the original OEM specifications," and "are plug-and-play with no complicated wiring or programming," which suggests to consumers that Hayward approves of or endorses Defendants salt cells.  In fact, as seen in Section D.6 below, Defendants' salt cells are not compatible with, or comparable to, Hayward's salt chlorination systems and products.

66.     In addition to using Hayward's marks without Hayward's authorization or permission, Defendants also use marks confusingly similar to Hayward's T-CELL-formative marks, such as "T-15, T-9, and T3."   The use of these confusingly similar marks create the impression in consumers that these are genuine Hayward products, or are at least authorized or endorsed by Hayward.

**5.      eBay.com**

67.     Defendants also falsely advertise and sell salt cells on eBay.com that infringe Hayward's marks, as seen below.  In fact, Defendants advertise the products as "T-Cell 15" replacement salt cells.



68.     In the Lambo Products advertisement above, the headline lists the product as a "T-Cell-15," which it is not.  Furthermore, the headline lists the product as a "Generic Hayward," which creates confusion by falsely and misleadingly implying that the product is either a genuine Hayward product or a generic product which Hayward has authorized.

69.     In an attempt to create a false association with Hayward, the advertisement also uses numerous Hayward Marks without authorization or permission, such as Hayward, Goldline and Aquarite.

70.     Additionally, the product description falsely advertises this salt cell as a direct replacement for Hayward's salt cells, offers consumers a 2 year warranty, and cites Hayward's marks nine times.  The frequent use of Hayward's marks will serve to confuse consumers as to whether this is a genuine Hayward product and whether the warranty is offered by Hayward. Furthermore, as seen in Section D.6 below, Defendants' salt cells are not direct replacements for Hayward's salt cells and are neither compatible with, nor comparable to, Hayward's salt chlorination systems and products.

### 6.     Hayward Is Directly Harmed by Actual Consumer Confusion

71.     Hayward is harmed by Defendants' unlawful conduct because, due the nature of the advertising, Hayward is falsely or misleadingly associated with the infringing products, including when consumers are dissatisfied with those products.  Because Defendants' products are falsely associated with Hayward, the negative reviews shown below reflect poorly on Hayward and its genuine, authorized products, harming its goodwill.

72.     Negative consumer reviews from the Better Business Bureau and eBay.com show that, despite Defendants' advertisements to the contrary, Defendants' salt cells are not compatible with, nor comparable to, Hayward's salt chlorination systems and products.   These consumer reviews also show that Defendants' warranty claims are causing consumer confusion and harm to Hayward.

26



https://www.bbb.org/us/nj/asbury-park/profile/pool-equipment/saltech-llc-0221-90192513/complaints (accessed December 16, 2020).



https://www.ebay.com/urw/Green-Clean-T15-Extended-Salt-Water-Chlorinator-Cell-for-Hayward-Goldline-White/product-reviews/10031751331?_itm=162974725381&pgn=3 (accessed December 16, 2020).



https://www.ebay.com/urw/Green-Clean-40K-gal-Salt-Replacement-Cell-White/product-reviews/19029958999?_itm=163059106205&pgn=3 (accessed December 16, 2020).

| | | | |
|---|---|---|---|
| 🚫 | **If your buying for the warranty don't bother!!!!!! Not sure why they even offer**<br>T-Cell-15 T15 Generic Hayward Salt Cell Replacement Cell Aquirite Replacement<br>(#163059106205) | Buyer: e***4 (160★)<br>US $297.00 | Past year<br>Reciprocal feedback |
| 🚫 | **If I could leave a zero for shipping and communication I would. So bad. Sloww**<br>T-Cell-15 T15 Generic Hayward Salt Cell Replacement Cell Aquirite Replacement<br>(#163059106205) | Buyer: d***2 (144★)<br>US $327.00 | Past year<br>Reciprocal feedback |

https://www.ebay.com/fdbk/feedback_profile/lamboproducts?filter=period:TWELVE_MONTHS,overall_rating:NEGATIVE&limit=25 (accessed December 16, 2020).

73.     The mere association of Hayward and its marks with the Defendants' products harms Hayward's brand and reputation.   Defendants' conduct already has deceived U.S. consumers of Hayward products.

**E.     Defendants Ignored Hayward's Notices of Infringement**

74.     In letters dated February 22, 2021 and March 5, 2021 (Exhibit B) ("Hayward's First Letter"), and April 27, 2021 (Exhibit C) ("Hayward's Second Letter"), Hayward notified Defendants about their conduct, including the conduct alleged above; demanded that Defendants stop the false advertisements and infringement; and asked that Defendants respond by certain deadlines.  None of the Defendants responded to Hayward's First Letter.

75.     Before the deadline to respond to Hayward's Second Letter, an attorney named Farley Weiss contacted Hayward's counsel by emailing a letter purporting to respond to Hayward's Second Letter.  Attorney Weiss's letter is attached hereto as Exhibit D.

76.     Mr. Weiss was unclear as to which of the Defendants he represented, so Hayward's counsel asked Mr. Weiss to identify his clients so that there would be no confusion.  Rather than

identifying his clients, Mr. Weiss instead replied with another ambiguous response, which forced Hayward's counsel to ask yet again whom Mr. Weiss represents.

77.     It was in response to this request that Mr. Weiss disclosed that "there are many entities" and that "those [he is] in touch with were able to make" certain changes.  Notably, Mr. Weiss once again failed to substantively respond to Hayward's counsel's simple request and failed to identify the clients whom he represents.

78.     In one further e-mail exchange between Mr. Weiss and Hayward's counsel, Mr. Weiss again refused to identify his clients and informed Hayward's counsel that he would respond by Thursday, May 20, 2021.  The e-mail exchange between Attorney Weiss and Hayward's counsel is attached hereto as Exhibit E.

79.     By playing coy and refusing to identify his clients, Mr. Weiss has engaged in a pattern of deliberate subterfuge regarding this matter.  Hayward cannot be expected to resolve this dispute if it does not know and with whom it is dealing.

80.     Ignoring Hayward's First Letter demonstrates Defendants' willfulness.

81.     Mr. Weiss's evasions, apparently at the direction of at least some of the accused infringers, further demonstrates Defendants' willfulness.

82.     Based on the foregoing, Hayward seeks relief against Defendants for federal and state trademark infringement, unfair competition, false association, false endorsement, false designation of origin, false advertising, and unfair and deceptive and business practices.

83.     Hayward will continue to be harmed and its consumers and potential consumers are being harmed unless the court enjoins Defendants from falsely advertising and participating in these unfair and deceptive business practices.

84.     Defendants continue to harm and risk further harm to Hayward's business, reputation and the goodwill in the Hayward Marks. Hayward will suffer irreparable harm unless the Court enjoins Defendants from further use of the Hayward Marks.

85.     To remedy the harm to Hayward arising from this unfair and deceptive conduct, Hayward is entitled not only to an award of substantial damages and treble damages under the Lanham Act and/or state law, but also a preliminary and permanent injunctions to force Defendants to: (1) immediately cease using the Hayward Marks, and importing infringing products; (2) remove all existing false advertisings and associations; and (3) prevent Defendants from making false and misleading statements about Hayward's products.

## COUNT I
### Federal Trademark Infringement of the T-CELL-15® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

86.     Hayward re-alleges and incorporates by reference Paragraphs 1-85 above as if fully set out herein.

87.     Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the T-CELL-15® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

88.     Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

89.     Defendants' unauthorized use of the T-CELL-15® mark and confusingly similar variations thereof, as exemplified above, is likely to cause consumers and potential consumers to

be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

90.     The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

91.     Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

92.     Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

93.     By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT II
### Federal Trademark Infringement of the T-CELL-9® Mark
### in Violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

94.     Hayward re-alleges and incorporates by reference Paragraphs 1-93 above as if fully set out herein.

95.     Pursuant to 15 U.S.C. § 1057(b), Hayward's certificate of registration for the T-CELL-9® registered mark is *prima facie* evidence of the validity of that registration, Hayward's ownership of the mark, and Hayward's exclusive rights to use the mark in commerce in connection with the goods identified in the registration.

96.     Hayward's federal trademark registration constitutes constructive notice to Defendants of Hayward's ownership and use of the registered mark in connection with the goods identified in the registrations.

31

97.     Defendants' unauthorized use of the T-CELL-9® mark and confusingly similar variations thereof, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

98.     The above-described conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

99.     Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

100.     Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

101.     By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT III**
**False Advertising in Violation of**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

102.     Hayward re-alleges and incorporates by reference Paragraphs 1-101 above as if fully set out herein.

103.     Hayward and Defendants compete in the market for replacement salt cells.

104.     In advertisements for salt cells that compete with Hayward's trademarked salt cells, Defendants advertise, offer for sale, and sell in interstate commerce certain products that are represented as a "direct replacement" for, or "compatible" with Hayward products; that "are manufactured to exceed the original OEM specifications;" and that are "plug-and-play with no complicated wiring or programming," among other statements alleged above.

32

105.    These representations are materially false or, at least, misleading in that they are likely to influence consumers' purchasing decisions concerning replacement salt cells. Furthermore, these representations falsely or misleadingly suggest to consumers that Hayward approves of or endorses Defendants' salt cells or that the salt cells all originate from the same source.  Defendants have also falsely held themselves out to be authorized by Hayward, when it is not the case. As a result, consumers have been diverted from buying the Hayward salt cells and instead have been deceptively lured into buying Defendants' salt cells.

106.    Consumers have been deceived and have complained of Defendants' conduct and its false endorsement, association, and designation of origin which continues to harm Hayward's brand and reputation.

107.    Defendants' statements have and will continue to deceive or confuse consumers unless the conduct is enjoined.

108.    Defendants' conduct is willful, intentional, and deliberate and has injured Hayward and will continue to injure Hayward unless the conduct is enjoined.

109.    Defendants knew or should have known that the claims are false and/or misleading, particularly because Hayward has previously warned Defendants about such claims.

110.    Defendants false and deceptive advertising violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

111.    Hayward has been, and continues to be, damaged by Defendants' false and deceptive advertising, including through (a) diversion of customers or potential customers for replacement HAYWARD® salt cells; and (b) diminishing of the goodwill in the Hayward Marks and in the HAYWARD® salt cells sold under the Hayward Marks.

112.    Hayward has no adequate remedy at law to fully redress these injuries.

**COUNT IV**
**Federal Trademark Counterfeiting**
**in Violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114**

113.    Hayward re-alleges and incorporates by reference Paragraphs 1-112 above as if fully set out herein.

114.    Hayward sells in interstate commerce salt cells bearing the HAYWARD®, T-CELL-9®, and T-CELL-15® federally registered marks.  Genuine HAYWARD® salt cells, including those also bearing the T-CELL-9® and T-CELL-15® registered marks, are designed and manufactured under exacting requirements and are subjected to rigorous testing and certification by an independent standards-setting organization, such as the National Sanitation Foundation ("NSF").  Given the high quality of these genuine HAYWARD® salt cells, and based on continuous use of the marks over many years, the T-CELL-9® and T-CELL-15® registered marks have come to stand for high quality products and have developed substantial goodwill.  Consumers associate that high quality, reputation, and goodwill with a unique source, namely, Hayward.

115.    Without authorization, but with both constructive and actual knowledge of Hayward's superior rights in the HAYWARD®, T-CELL-9® and T-CELL-15® marks, Defendants are advertising, offering for sale, and selling in interstate commerce counterfeit salt cells bearing and promoted with the T-CELL-9® and T-CELL-15® marks or marks that are confusingly similar. Defendants sell their counterfeit salt cells in direct competition with Hayward's sale of genuine Hayward salt cells.

116.    Defendants' use of copies or simulations of the T-CELL-9® and T-CELL-15® marks on or in connection with its salt cells is likely to cause confusion, mistake, or deception as to the source or origin of the salt cells, thus deceiving consumers into believing that the counterfeit

34

salt cells are genuine Hayward salt cells or are otherwise authorized, sponsored by or affiliated with Hayward.

117.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

118.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

119.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**Count V**
**Unfair Competition and False Designation of Origin**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),**
**by Unauthorized Use of the HAYWARD®,  GOLDLINE®,**
**AQUA RITE®, SWIMPURE®, PRO LOGIC®, T-CELL-3®,**
**T-CELL-9®, T-CELL-15®, AQUA PLUS® Trademarks**

120.    Hayward re-alleges and incorporates by reference Paragraphs 1-119 above as if fully set out herein.

121.    Hayward and Defendants compete in the market for replacement salt cells.

122.    Defendants unauthorized use of the Hayward Marks, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

123.    Defendants' unauthorized use of the Hayward Marks, as described above, constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

124.    Defendants conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

125.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

126.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT VI**
**Unfair Competition and False Designation of Origin**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),**
**by Unauthorized Use of the**
**AQUA LOGIC™, AQUA RITE PRO™, AQUA RITE XL™ Trademarks**

127.    Hayward re-alleges and incorporates by reference Paragraphs 1-126 above as if fully set out herein.

128.    Hayward and Defendants compete in the market for replacement salt cells.

129.    Hayward owns the common law trademarks AQUA LOGIC™, AQUA RITE PRO™, and AQUA RITE XL™ and has continuously and exclusively used these marks in commerce on, or in connection with the sale of, its salt cells since at least the early 2000s.  By virtue of Hayward's exclusive and continuous use of the AQUA LOGIC™, AQUA RITE PRO™, and AQUA RITE XL™ marks over many years, consumers have come to recognize them as designating Hayward as the source or origin of salt cells that bear these marks.

130.    Defendants' unauthorized use of the AQUA LOGIC™, AQUA RITE PRO™, and AQUA RITE XL™ marks, as exemplified above, is likely to cause consumers and potential consumers to be confused, mistaken, and deceived as to the source, origin, sponsorship, or approval by Hayward of Defendants' salt cells.

36

131.    Defendants' unauthorized use of the AQUA LOGIC™, AQUA RITE PRO™, and AQUA RITE XL™ marks, as described above, constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

132.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

133.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

134.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**Count VII**
**Unfair Competition and False Designation of Origin**
**in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),**
**<u>by Passing Off</u>**

135.    Hayward re-alleges and incorporates by reference Paragraphs 1-134 above as if fully set out herein.

136.    Hayward and Defendants compete in the market for replacement salt cells.

137.    Hayward advertises, offers for sale, and sells in commerce salt cells bearing the Hayward Marks.  As seen above, the Hayward Marks, or confusingly similar marks, appear on the infringing products and also in on-line advertising and marketing materials used in connection with the sale and marketing of salt cells for chorine systems bearing the Hayward Marks.

138.    As described above, Defendants advertises, offers for sale, and sells salt cells that bear or are promoted with one or more of the Hayward Marks but that are materially different from genuine HAYWARD salt cells.  Hayward has not authorized this conduct.

37

139.    Such conduct constitutes passing off in violation of Section 43(a) of the Lanham Act.

140.    Defendants' passing off is likely to cause and already has caused confusion, mistake, or deception as to the source or origin of the salt cells, and has diverted sales from Hayward.

141.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

142.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

143.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

### COUNT VIII
### Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124,
### Importation

144.    Hayward re-alleges and incorporates by reference Paragraphs 1-143 above as if fully set out herein.

145.    Hayward and Defendants compete in the market for replacement salt cells.

146.    Hayward advertises, offers for sale, and sells in commerce salt cells bearing the Hayward Marks.  The Hayward Marks appear on products and also in on-line advertising and marketing materials used in connection with the sale and marketing of salt cells for chorine systems bearing the Hayward Marks.

147.    As described above, Defendants advertise, offer for sale, and sell salt cells that bear or are promoted with one or more of the Hayward Marks but that are materially different from genuine HAYWARD® salt cells.

38

148.    Defendants manufacture, ship, distribute, and import into the United States products from Hong Kong bearing or sold in connection with the Hayward Marks.

149.    Hayward has not authorized this conduct.

150.    Defendants import infringing Hayward products into the United States at discounted prices.

151.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

152.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

153.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT IX**
**False Advertising in Violation of N.J.S.A. § 56:8-2 *et seq.***

154.    Hayward re-alleges and incorporates by reference Paragraphs 1-153 above as if fully set out herein.

155.    Defendants sell and advertise salt cells.

156.    Defendants have engaged in trade or commerce in this state by advertising, offering for sale, and selling salt cells in New Jersey.

157.    Through its above-described conduct of falsely or misleadingly advertising salt cells under the Hayward Marks, Defendants have used unconscionable commercial practices, deception, fraud, and misrepresentation concerning the nature of its salt cells with the intent that consumers rely on such fraud, deception, and misrepresentation.

158.    Defendants' false advertising is likely to cause confusion, mistake, or deception as to the source or origin of the salt cells and/or authorization or sponsorship by Hayward, and, as such, have diverted sales from Hayward.

159.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

160.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

161.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to duffer, monetary damages and loss of goodwill.

**COUNT X**
**<u>Unfair Competition in Violation of N.J.S.A. § 56:4-1</u>**

162.    Hayward re-alleges and incorporates by reference Paragraphs 1-161 above as if fully set out herein.

163.    Hayward and Defendants compete in the market for replacement salt cells.

164.    Defendants have engaged in trade or commerce in New Jersey, as described above.

165.    Defendants have willfully and knowingly engaged in unfair acts or practices and unfair methods of competition, including through the bad faith and unauthorized use of the Hayward Marks, false advertising, counterfeiting, and passing off.

166.    Defendants' unfair acts or practices and unfair methods of competition are likely to cause confusion, mistake, or deception as to the source or origin of the salt cells and/or authorization or sponsorship by Hayward.

40

167.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

168.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

169.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

## COUNT XI
### Trademark Infringement and Unfair Competition
### under New Jersey Common Law

170.    Hayward re-alleges and incorporates by reference Paragraphs 1-169 above as if fully set out herein.

171.    Hayward and Defendants compete in the market for replacement salt cells.

172.    Hayward has continuously and exclusively used in New Jersey and nationally the Hayward Marks on and in connection with the sale of salt cells at least since 1999.

173.    Defendants have misappropriated the Hayward Marks by using them on, or in connection with the sale of salt cells.

174.    Defendants have also committed false advertising, counterfeiting, and passing off, as described above.

175.    Defendants' trademark infringement and unfair competition is likely to cause confusion, mistake, or deception as to the source or origin of the salt cells and/or authorization or sponsorship by Hayward and, as such, has diverted sales from Hayward.

ME1 36399248v.1

176.    Defendants' conduct has caused, and is continuing to cause, irreparable injury to Hayward, including to its reputation and goodwill, and Hayward has no adequate remedy at law. Unless such unauthorized use is enjoined, Hayward will continue to be irreparably harmed.

177.    Defendants' conduct, as described above, has been willful, wanton, reckless, and in total disregard to Hayward's rights.

178.    By reason of Defendants' misconduct, Hayward has suffered, and will continue to suffer, monetary damages and loss of goodwill.

**COUNT XII**
**Unjust Enrichment**

179.    Hayward re-alleges and incorporates by reference Paragraphs 1-178 as if fully set out herein.

180.    As detailed above, Hayward (and its predecessor in interest where applicable) expended considerable time and resources in creating, developing, manufacturing, advertising, marketing, and selling the products bearing the Hayward Marks, as well as considerable effort and expense in creating, promoting, registering, maintaining, and enforcing the Hayward Marks themselves.  These undertakings required significant research, time, strategic planning, and evaluation of market and economic trends, new technologies, innovations, and their impact on the pool equipment industry.  Such efforts and investment created goodwill that is embodied in the Hayward Marks.

181.    Defendants used the Hayward Marks without authorization to sell their knock-off salt cells and thus received an improper benefit from the goodwill and brand recognition that Hayward created and that are embodied in the Hayward Marks.

182.    But for the benefit of the Hayward Marks and associated products, Defendants would have had to expend considerable time and expense in independent research, development,

42

marketing, and advertising of its salt cells in order to enter the relevant market and directly compete with Hayward.

183.    Defendants have been unjustly enriched by retaining this benefit without providing Hayward any payment.  As a result of Defendants' wrongful acts, Hayward has suffered and will continue to suffer significant commercial, monetary and other damages.

## REQUEST FOR RELIEF

Hayward respectfully asks this Court to enter judgment for Hayward and against Defendants and to grant the following relief:

A.    Judgment in favor of Hayward and against Defendants on all counts;

B.    An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently enjoining Defendants, including their officers, agents, employees, servants, attorneys, successors, assigns, and all other persons and entities in privity and acting in concert with Defendants, from the following acts:

  i.  falsely and misleadingly advertising their salt cells, including claiming that they are "direct replacements," "compatible" to/with Hayward products, "2 year warranty," "3 year warranty," "manufactured to exceed the original OEM specifications," "plug-and-play with no complicated wiring or programming," or any other false or misleading claims that suggest authorization, association or sponsorship by Hayward;

  ii.  infringing any of the Hayward Marks;

  iii.  using any of the Hayward Marks, or any confusingly similar marks alone or in combination with other words, symbols, or designs, in connection with the manufacture, offer for sale, sale, or advertising of salt cells;

43

iv.   using any trade name, words, abbreviations, or any combinations thereof that would imitate, resemble, or suggest the Hayward Marks;

v.    passing off their salt cells as genuine or authorized T-CELL-9® or T-CELL-15® salt cells or any other Hayward brand;

vi.   advertising or selling counterfeit T-CELL-9® and T-CELL-15® salt cells, systems or any other Hayward brand;

vii.  making any statement or representation that falsely designates or describes the Defendants as authorized, certified, or sponsored by, or associated with, Hayward or that is likely to confuse consumers as to the source, affiliation, or sponsorship of such salt cells; and

viii. otherwise competing unfairly with Hayward with respect to the advertising and sale of salt cells designed to replace HAYWARD®, SWIMPURE®, AQUA RITE®, GOLDLINE®, PRO LOGIC®, AQUA LOGIC™, T-CELL-3®, T-CELL-9®, T-CELL-15®, AQUA PLUS®, AQUA RITE XL™, and AQUA RITE PRO™ salt cells, systems or any other Hayward brand;

C.    An order under 15 U.S.C. § 1116 and/or other applicable law preliminarily and permanently directing Defendants, including their officers, agents, employees, servants, attorneys, successors, assigns, and all other persons and entities in privity and acting in concert with Defendants, to perform the following remedial measures:

i.    Providing notice to all customers and resellers of Defendants' salt cells that such salt cells are not a "direct replacement," "compatible" to/with Hayward products, are **"**manufactured to exceed the original OEM specifications,**"** **"**plug-and-play with no complicated wiring or

44

programming," among other false and misleading statements as alleged above in the complaint.  Further notifying all customers and resellers of Defendants' salt cells that such salt cells are not authorized, affiliated, sponsored or certified by Hayward;

ii.     Removing from any and all websites, retail platforms, and social media used to advertise and sell Defendants products (including, but not limited to, Amazon.com, Alibaba.com, and Defendants' own websites) the false, deceptive and misleading advertising for salt cells, as described in the complaint;

iii.    Issuing a recall notice to all purchasers of the Defendants' salt cells in the United States and offering a full refund to any customers who purchased such salt cells;

iv.     Providing corrective advertising on all websites, retail platforms, and social media used to advertise and sell Defendants salt cells (including, but not limited to, Amazon.com, Alibaba.com, and Defendants' own websites) that Defendants' salt cells are not "direct replacements" or "compatible" to/with Hayward products, are not "manufactured to exceed the original OEM specifications," "plug-and-play with no complicated wiring or programming," among other false and misleading statements as alleged above in the complaint.  Further notifying all customers and resellers of Defendants' salt cells that such salt cells are not authorized, affiliated, sponsored or certified by Hayward;

v.      Under 15 U.S.C. **§** 118 and/or other applicable law, destroying all inventory of products listed as **"**direct replacements**"** or **"**compatible**"** to/with Hayward products, **"**manufactured to exceed the original OEM specifications,**"** **"**plug-and-play with no complicated wiring or programming,**"** including salt cells bearing the T-CELL-9® and T-CELL-15® marks or any other Hayward brand as well as any other salt cells bearing the Hayward Marks, and certifying to Hayward that such destruction has occurred, including the number of units destroyed and the manner of their destruction; and

vi.      Within thirty (30) days, providing to Hayward a sworn statement as to how it has complied with the Court's orders.

D.      An Award of damages under 15 U.S.C. § 1117, and/or other applicable law, including, without limitation, disgorgement of profits, lost profits, a reasonably royalty, and/or any other damages sufficient to compensate Hayward for Defendants' trademark infringement, false advertising, counterfeiting, passing off, unfair competition, and false designation of origin;

E.      An accounting to determine the proper amount of damages;

F.      A three-fold increase in damages under 15 U.S.C. § 1117 and/or other applicable law, for Defendants' willful, wanton, and deliberate acts of infringement and unfair methods of competition and deceptive practices;

G.      An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of costs and pre- and post-judgment interest on Hayward's compensatory damages;

H.      An award pursuant to 15 U.S.C. § 1117 and/or other applicable law of statutory damages, including but not limited to treble damages;

I.     Pursuant to 15 U.S.C. § 1117 and/or other applicable law, an award of reasonable attorneys' fees and the costs of this action;

J.     An order to bar importation of goods falsely advertised with the Hayward Marks under § 42 of the Lanham Act 15 U.S.C. § 1124; and

K.     Such further relief as this Court deems just and proper.

## **JURY DEMAND**

Hayward requests a trial by jury on all issues so triable.


Dated: May 21, 2021

s/ *Scott S. Christie*

Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
schristie@mccarter.com

Erik Paul Belt
Alexander L. Ried
Anne E. Shannon
**McCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
aried@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

47

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I certify the matter in controversy is not the subject of any other action or proceeding

pending in any court, or of any pending arbitration or administrative proceeding.


|  |  |
|---|---|
| | s/ *Scott S. Christie* _____ |
| Dated: May 21, 2021 | Scott S. Christie |
| | **McCARTER & ENGLISH, LLP** |
| | Four Gateway Center |
| | 100 Mulberry Street |
| | Newark, New Jersey 07102-4056 |
| | Tel: (973) 622-4444 |
| | schristie@mccarter.com |
| | |
| | Erik Paul Belt |
| | Alexander L. Ried |
| | Anne E. Shannon |
| | **McCARTER & ENGLISH, LLP** |
| | 265 Franklin St. |
| | Boston, Massachusetts 02110 |
| | Tel: (617) 449-6500 |
| | ebelt@mccarter.com |
| | aried@mccarter.com |
| | ashannon@mccarter.com |
| | |
| | *Attorneys for Plaintiff* |
| | *Hayward Industries, Inc.* |

ME1 36399248v.1

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1

Pursuant to Local Civil Rule 201.1, I hereby certify the above-captioned matter is not subject to compulsory arbitration in that, *inter alia*, the Plaintiff seeks non-monetary injunctive relief and the amount in controversy exceeds the $150,000 threshold exclusive of interest and costs and any claim for punitive damages.


                                    s/ *Scott S. Christie*

Dated: May 21, 2021                 Scott S. Christie
                                    **McCARTER & ENGLISH, LLP**
                                    Four Gateway Center
                                    100 Mulberry Street
                                    Newark, New Jersey 07102-4056
                                    Tel: (973) 622-4444
                                    schristie@mccarter.com

                                    Erik Paul Belt
                                    Alexander L. Ried
                                    Anne E. Shannon
                                    **McCARTER & ENGLISH, LLP**
                                    265 Franklin St.
                                    Boston, Massachusetts 02110
                                    Tel: (617) 449-6500
                                    ebelt@mccarter.com
                                    aried@mccarter.com
                                    ashannon@mccarter.com

                                    *Attorneys for Plaintiff*
                                    *Hayward Industries, Inc.*

ME1 36399248v.1