Scott S. Christie
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4056
Tel: (973) 622-4444
schristie@mccarter.com

Erik Paul Belt
Anne E. Shannon
**McCARTER & ENGLISH, LLP**
265 Franklin St.
Boston, Massachusetts 02110
Tel: (617) 449-6500
ebelt@mccarter.com
ashannon@mccarter.com

*Attorneys for Plaintiff*
*Hayward Industries, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAYWARD INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> UPWARD SALES LIMITED; NU COBALT; 8STREME; SALTECH LLC; and LAMBO PRODUCTS INC. <br><br> Defendants. | Civil Action No. 3:21-cv-11645-ZNQ-TJB <br><br> **MEMORANDUM IN SUPPORT OF HAYWARD'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS AND EXTENSION OF TIME TO SERVE** |

## I. INTRODUCTION

Pursuant to Rule 4(f)(3), 4(h)(2), and 4(e) of the Federal Rules of Civil Procedure, Plaintiff Hayward Industries, Inc., requests that this Court grant Hayward leave to serve Upward Sales Limited and Nu Cobalt (collectively "Chinese defendants") and their U.S.-based co-defendant, Lambo Products Inc., ("Lambo"), by alternative means—namely, by e-mail through their websites and

by e-mail to their legal counsel.  As explained below, alternative service will prevent delay and is more than reasonably calculated to notify these defendants.

Upward Sales, Nu Cobalt, and Lambo appear to be related entities.  Most probably, Nu Cobalt and Lambo are simply *d/b/a's* or shell companies of Upward Sales or are otherwise owned or controlled by Upward Sales.  Whatever the connection, these three parties already have knowledge of the lawsuit in at least two ways. First, Hayward successfully served their co-defendants, Saltech LLC and 8Streme, and those two entities also appear to be *d/b/a*'s of Upward Sales or otherwise are owned or controlled by Upward Sales. Given this connection, it is likely that the other defendants received notice of the lawsuit via Saltech or 8Streme. Second, Hayward's counsel has been in communication with a lawyer, Farley Weiss, who purports to represent all of the defendants or at least has been in touch with them.  Thus, the Chinese defendants and Lambo likely have received notice of the lawsuit through Mr. Weiss.  Indeed, after trying numerous times but failing to complete service on Upward Sales, Nu Cobalt, and Lambo, Hayward sent notice of service on Saltech and 8Streme to Mr. Weiss and asked him if he would accept service on behalf of the other defendants.  Mr. Weiss, however, has not replied.

Having tried numerous times through a process server to complete service on Upward Sales, Nu Cobalt, and Lambo, and then having asked their counsel to

accept service, Hayward now has no choice but to seek leave to serve these three defendants by alternative means. The only other means of contacting Upwards Sales, Nu Cobalt, and Lambo is through e-mail via counsel and through the e-mail addresses listed on their websites. Therefore, Hayward seeks to serve process on Upward Sales, Nu Cobalt, and Lambo by sending a copy of the summons and Complaint via their purported counsel's e-mail address and via e-mail addresses listed on their websites. Moreover, Hayward requests additional time to serve the Chinese defendants and Lambo to ensure that service is completed in light of the existing August 19, 2021 deadline.

## II. BACKGROUND

### A. The Parties

Hayward accuses five defendants of trademark infringement and other Lanham Act violations. Two defendants are headquartered in China (Upward Sales and Nu Cobalt), although Upward Sales also has a U.S. business address. Doc. 1, Complaint at ¶ 2. Nu Cobalt, however, appears to be a *d/b/a* of Upward Sales or is owned or controlled by Upward Sales. *Id*. at ¶¶ 5-8. Two of the defendants, Saltech and 8Streme, are based here in New Jersey. Lambo appears to be based in California. *Id*. at ¶¶ 3-7.

All defendants appear to be related and are believed to be controlled or owned by Upward Sales or are *d/b/a's* of Upward Sales. Upward Sales appears to

manufacture or source the infringing products and to supply them to the other defendants for advertisement and sale in the United States.

More specifically, before filing its complaint, Hayward sent two cease and desist letters to Defendants—one in February 2021 and a follow-up in April 2021. In mid-May, Hayward received a letter from Attorney Farley Weiss responding to the infringement claims. Declaration of Erik Paul Belt (Belt Decl.) at ¶¶ 4-7. However, Mr. Weiss was vague as to which defendants he represented, admitting only to represent "all the parties on our side." *Id*. at ¶ 8. Hayward's counsel asked Mr. Weiss to clarify exactly which parties he meant, but Mr. Weiss was non-committal. After several back and forth e-mails with Mr. Weiss, and unsatisfied with his responses, Hayward filed the complaint. *Id*. at ¶ 9. Shortly thereafter, Mr. Weiss finally admitted that he represented at least Upward Sales, Joseph Hui (the owner of Lambo), and potentially Saltech LLC. Mr. Weiss also indicated that he had been in touch with Lambo. *Id.* at ¶ 13.

Hayward's investigation of the "TESS" trademark registration database on the USPTO website (www.uspto.gov) revealed that Upward Sales owns a U.S. trademark registration for NU COBALT®, suggesting that it owns or controls Defendant Nu Cobalt or that Nu Cobalt is merely a *d/b/a* or trade name for Upward Sales. Complaint at ¶¶ 5-6.

### B.     The Alleged Trademark Infringement and Unfair Competition

Hayward asserts claims for trademark infringement, false advertising, counterfeiting, false designation of origin, and other claims under the Lanham Act, as well as related claims under New Jersey statutory and common law.  In general, Hayward alleges that Defendants are advertising and selling chlorine generation equipment for swimming pools (known as "salt cells") that trades on Hayward's federally registered marks, such as T-CELL-15® and AQUA RITE®.

By way of background, pool chlorine generators are electronic systems that turn salt in the pool water into chlorine to sanitize the pool, eliminating the need to manually add liquid chlorine or chlorine pellets. These systems include various component parts, including salt cells.  A salt cell is part of a larger salt chlorination system (*e.g.*, Hayward's AQUA RITE® system) that includes a controller circuit box and various other fittings and components. A T-CELL-15® salt cell may be included as part of a Hayward salt chlorination system.

Shown below is a HAYWARD® T-CELL-15® salt cell, which is one of several models that Hayward sells under various trademarks.  For example, some models also bear the TURBO CELL® or GOLDLINE® marks.



These salt cells need to be replaced every few years.  Defendants falsely advertise and pass off their replacement salt cells as HAYWARD® T-CELL-15® salt cells by, for example, advertising and selling counterfeit Hayward replacement salt cells or salt cells that are falsely associated with Hayward.  See generally Dkt. No. 1, at ¶¶ 20- 43.  Below is an example of an infringing ad on Amazon.



ME1 37071890v.1



Dkt. No. 1, at ¶¶ 46-48.  As alleged, these adds fool consumers into believing that Defendants' salt cells are actually genuine Hayward salt cells or that Hayward has approved them as suitable replacements for its genuine salt cells.  Other instances of infringement are alleged in the Complaint.  Dkt. No. 1, at, *e.g.*, ¶¶ 43-73.

### C. Hayward's Unsuccessful Attempts to Serve Upwards Sales, Lambo, and Nu Cobalt

Hayward filed its complaint on May 21, 2021. Dkt. No. 1. Hayward successfully served the two New Jersey-based defendants, Saltech and 8STreme, on May 29, 2021 and June 4, 2021, respectively. Belt Decl. at ¶ 12; *see also* Dkt. Nos. 6 and 7 (Returns of Service).[1] After trying to unsuccessfully serve Upward Sales, Nu Cobalt, and Lambo numerous times at their U.S. addresses, Hayward ordered skip traces on Upward Sales, and Joseph and Martin Hui (who appear to own or manage the companies) to identify additional addresses for service.[2] No other useful information was uncovered. Belt Decl. at ¶ 14.

Therefore, Hayward sent Mr. Weiss a copy of the filed complaint and asked whether he would accept service on behalf of the remaining defendants. To date, Hayward has not received a response from Mr. Weiss. *Id.* at ¶ 15.

Upward Sales, its *d/b/a* or shell company Nu Cobalt, and Lambo Products undoubtedly know about this lawsuit. First, Saltech and 8Streme were successfully served, and they appear to be either *d/b/a*'s of Upward Sales or closely related to them through common ownership and management. Second, Mr. Weiss appears to represent all of the defendants or, at least, Upward Sales and Mr. Hui (who in turn

---

[1] Neither Saltech nor 8Streme has answered the complaint, however, and thus are in default.

[2] A "skip trace" is used to uncover contact information on hard-to-find individuals. Process service companies provide this service for an additional fee.

9

owns or manages Lambo and the other defendants). Belt Decl. at ¶¶ 3, 8, 13, 16. Accordingly, it is reasonable to conclude that all of the defendants already have notice of the lawsuit.

## IV.   LEGAL STANDARD

### A.   Alternative Service on Foreign Defendants

Fed. R. Civ. P. 4(f) governs service of process on defendants in foreign countries and allows for service "by any internationally agreed means of service that is reasonably calculated to give notice," Rule 4(f)(1), or "by other means not prohibited by international agreement, as the court orders." Rule 4(f)(3); *see also Title Trading Servs. USA, Inc. v. Kundu*, No. 3:14-CV-225-RJC-DCK, 2014 WL 4053571, at *2 (W.D.N.C. Aug. 15, 2014) (granting service by alternative means and holding that service by e-mail did not violate any international agreements). Courts, including those in this District, have interpreted rule 4(f)(3) "to allow for any means of service [directed by the court] that provides reasonable assurance that the defendant will be provided notice of the lawsuit, and is not prohibited by an international agreement." *Id; Vanderhoef v. China Auto Logistics Inc.,* No. 218CV10174CCCSCM, 2019 WL 6337908, at *4 (D.N.J. Nov. 26, 2019) (holding that service through US counsel appears reasonably calculated to provide Chinese defendants notice of the current action against them and satisfies due process requirements). Additionally, "Rule 4(f) does not denote any hierarchy or

preference for one method of service over another." *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015) (allowing service by e-mail). Courts have wide discretion in ordering service of process under Rule 4(f)(3), which "provides the court with… flexibility and discretion… empowering courts to fit the manner of service utilize to the facts and circumstances of the particular case." *Id.*

A plaintiff need not first exhaust attempts at service via the Hague Conventions or other procedures under Rules 4(f)(1) and 4(f)(2) before requesting alternative means of service under Rule 4(f)(3). *See, e.g., Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011); *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (holding that Rule 4(f)(3) "stands independently, on equal footing [and] is merely one means among several which enables service of process on an international defendant"). Indeed, courts have frequently held that delays in service under the Hague Convention and the additional expense of serving a defendant in a foreign country are valid reasons for allowing alternative service in the first instance. *See Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) (granting plaintiff's motion for alternative service on foreign companies and holding that the Hague Convention is not mandatory and would cause unnecessary expense and delay).

The only real requirement for alternative service on a foreign defendant is that the service must comply with Constitutional notions of due process. "In order to fulfill due process requirements under Rule 4(f)(3), a court must approve a method of service that is reasonably calculated under all the circumstances' to give notice to the defendant." *Enovative Techs.*, 622 F. App'x at 214. "Courts have authorized a wide variety of alternative methods of service including publication… and most recently email." *Rio Properties, Inc.*, 284 F.3d at 1016.

  **B.**  **Alternative Service on Domestic Defendants**

Service on a U.S. defendant may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Hayward may rely upon New Jersey law for the appropriate method of service. New Jersey Court Rule 4:4-4(b)(3) permits constructive or substitute service when personal service cannot be effectuated.

  **C.**  **Extension of Time to Complete Service**

Fed. R. Civ. P. 4(m) permits an extension of time to complete service upon a showing of good cause. When, as is the case here, despite its diligence, a plaintiff "can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made," Rule 4:4-4 permits a plaintiff to serve a defendant with process through alternative means. N.J. Ct. R. 4:4-4(b)(3).

## V.  ARGUMENT

### A.  Hayward Proposes Alternative Service of Process on Upward Sales and Lambo via E-mail to their Counsel and to Nu Cobalt via the E-mail Address Listed on its Website

The United States and China have both signed the Hague Convention. But service through the Hague Convention could take "1-2 years to complete and is frequently unsuccessful." *Celgard, LLC. v. Shenzen Senior Tech. Material Co*., No. 3:20-CV-130-GCM, 2020 WL 2575561, at *3 (W.D.N.C. May 21, 2020) (noting that alternative service by e-mail to unserved defendants is appropriate); **Exhibit Q,** *Hayward v. Blueworks Corporation et al.,* CA No. 3:20-cv-00710-FDW-DSC (W.D. N.C. January 22, 2021) (granting alternative service by e-mail to unserved Chinese defendants appropriate to provide actual notice of pending action); *see also TV Ears, Inc., v. Joyshiya Development Limited, et al.*, No. 320-CV-01708WQHBGS, 2021 WL 165013, at *4 (S.D. Cal. Jan. 19, 2021) (granting alternative service via e-mail on Chinese defendants).  Thus, to prevent the delay and expense associated with the Hague Convention, Hayward seeks an order from this Court that service may be accomplished via electronic means on the two Chinese defendants, Nu Cobalt and Upward Sales, via the e-mail address sales-thlhk@outlook.com listed on Nu Cobalt's website, and via their counsel's email, fweiss@weissiplaw.com.

The Hague Convention does not prohibit service by e-mail.  China only has objected to service under Article 10(A), which provides for service by "Postal channels."  Hague Conv. Art. 10(a), 20 U.S.T. 361.  "Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10].  *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *Title Trading Servs. USA, Inc*., 2014 WL 4053571, at *2 ("courts have allowed for such [e-mail] service, holding that it did not violate any international agreement, where the objections of the recipient nation are limited to those means enumerated in Article 10"); see also  **Exhibit L**, *NBA Properties Inc., et al v. The P'ship and Uninc. Ass'n. Identified in Schedule "A," (*N.D. IL July 15, 2021) (holding "district courts have authority to allow service by email as alternative means of service"*); Philip Morris USA Inc. v. Veles, Ltd*., No. 06 Civ. 2988, 2007 WL 725412, at *2–3 (S.D.N.Y. Mar. 12, 2007) (permitting service by electronic mail under Rule 4(f) where it was reasonably likely to reach defendant).

Although Article 10(A) mentions "postal channels," it does not mention service by e-mail, online messaging system, or any other electronic means.  Thus, China's objections to postal channels do not prohibit service by electronic means.  **Exhibit M,** *See Oakley v. The P'ship and Uninc. Ass'n. Identified in Schedule "A,"* 20-cv-05049 (N.D. Ill. July 9, 2021) (holding that alternative service via e-

mail in connection with Chinese defendants was proper); *see Microsoft Corp. v. Goldah.com Network Tech. Co*., No. 17-CV-02896-LHK, 2017 WL 4536417, at *4 (N.D. Cal. Oct. 11, 2017) (denying defendants' motion to dismiss for defect in service and holding China's objection to Article 10 does not prohibit e-mail service, and therefore plaintiffs' service via e-mail on Chinese defendants was proper); *Williams–Sonoma Inc. v. Friendfinder Inc*., 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (permitting service by e-mail, but not by international mail, for defendants in countries that objected to Article 10's "postal channels" of the Hague Convention)**.**  Because service under the Hague Convention is lengthy and costly, and because there is no international agreement prohibiting electronic service, allowing alternative service by electronic means under Rule 4(f)(3) (e.g., by e-mail or a website's message system) is warranted.

Moreover, Hayward has been diligent in attempting to complete service. Hayward has conducted a pre-suit investigation to identify contact information for the defendants, has reviewed Defendants' websites, paid for a skip traces, hired process servers to serve the complaint at the Chinese defendants' U.S. addresses in California, and even asked counsel to accept service on behalf of the remaining defendants.  *See* Belt Decl. at ¶¶ 10-15.  Having failed to find the Chinese defendants at their U.S. business addresses, Hayward is left with having to serve them in China.  In such a circumstance, alternative service by e-mail is warranted.

*See* **Exhibit Q,** *Hayward v. Blueworks Corporation et al.,* CA No. 3:20-cv-00710-FDW-DSC (W.D.N.C. January 22, 2021) (granting Hayward's motion for alternative service on Chinese defendants by e-mail, which was sufficient to provide actual notice of pending action); **Exhibit N**, *Minden Pictures, Inc v. Ammoland, Inc.,* No. 3:20-cv-02276-MAS-TJB (D.N.J. June 23, 2020) (granting plaintiff's motion for alternative service and finding plaintiff made diligent efforts to locate and serve defendant); **Exhibit O**, *Viahart, LLC v. Does 1-73*, No. 6:18-cv-604-RWS-KNM (E.D. T.X. June 17, 2020) (granting Plaintiff's motion for alternative service by e-mail).

Service by e-mail is an appropriate alternative in this case. Nu Cobalt's FAQ webpage includes its e-mail address at the top and states: "[i]f you need interact with us, you may send us email: sales-thlhk@outlook.com." Hayward has previously sent emails to this address, and it appears to be valid because Hayward's e-mails did not bounce back as undeliverable. Belt Decl., at ¶¶ 4-6. Furthermore, Lambo, Nu Cobalt, and Upwards Sales are very likely already aware of this action. All the defendants in the action are believed to have common ownership and are represented by the same attorney. Hayward has been in contact with that attorney, Mr. Weiss, and he has variously stated that he represents "all the parties on our side" and, later, confirmed that he represents Upward Sales and Joseph Hui, who runs Lambo Products, Upward Sales, and presumably Nu Cobalt.

ME1 37071890v.1

See Decl. of Erik P. Belt., at ¶¶ 8, 13.  As such, allowing service by e-mail to U.S. counsel is a practical solution that should be sufficient to effect service here. *See* **Exhibit R,** *Hayward Industries Inc., v. Saltwater Pool Supplies d/b/a Salt Pool Store, d/b/a Saltpoolstore.com et al.*, CA No. 2:20- cv-06105-KM-ESK (D.N.J. August 12, 2020) (granting Hayward's motion for alternative service by e-mail); s*ee Dan Werremeyer jr., v. Shinewide Shoes, Ltd.,* No. CV1910228MASLHG, 2021 WL 3291683, at *5 (D.N.J. July 31, 2021) (finding alternative service via mail on defendant's U.S. counsel not prohibited by the Hague Service Convention); *see also Myer v. Zhao Tang Kuang*, No. CV 19-09385, 2020 WL 525913, at *2 (D.N.J. Jan. 31, 2020) (allowing motion to permit alternative service to the e-mail address used previously when the e-mail was "not returned as undeliverable."); *Celgene Corp. v. Blanche Ltd.,* No. CV16501SDWLDW, 2017 WL 1282200, at *3 (D.N.J. Mar. 10, 2017) (allowing for alternative service of process by e-mail); **Exhibit S,** *Brian Horowitz v. Sekey Group,* CA. No. SACV-21-00771-CJC(DFMx) (C.D. Cal. August 3, 2021). (granting plaintiff's motion for alternative service because plaintiff attempted to serve defendant with reasonable diligence); **Exhibit P,** *Active Creations LLC, v. Beijing Jinwei Kangada Medical Instrument Ltd.,* 2:21-cv-406-RCY-RJK (E.D. V.A. July 27, 2021) (granting plaintiff's motion for alternative service of process by e-mail on Chinese defendant).

In summary, providing notice via e-mail to Nu Cobalt's email address listed on its website and to legal counsel is reasonably calculated under the circumstances to notify the remaining defendants of the pendency of this action and give them an opportunity to present their defenses  Authorizing service of process via e-mail will benefit all parties and the Court by ensuring that the defendants receive prompt notice of this action, thus allowing the case to move forward expeditiously.

In addition, Hayward also requests an extra twenty (20) days to complete service in case unforeseen problems arise.  Again, Hayward has been diligent and has tried to find and serve the defendants through various means.  As such, there is good cause for an extension.  *See Nabi v. Childs*, No. CV1912872ESMAH, 2019 WL 5800254, at *5 (D.N.J. Nov. 7, 2019) (granting motion for alternative service and extension of time to serve based on plaintiff's demonstrated due diligence in its attempt to serve defendants not through any fault or lack of effort on plaintiff's part).

IV.   **CONCLUSION**

For the reasons set forth above, Hayward respectfully requests that the Court allow alternative service by e-mail as to Defendants Upward Sales Limited, Lambo Products Inc., and Nu Cobalt via the e-mail address sales-thlhk@outlook.com, and through their attorney's e-mail address fweiss@weissiplaw.com, and grant an

extension of twenty (20) days to serve Upward Sales, Lambo, and Nu Cobalt.

Dated:  August 11, 2021　　　　　　　*s/Scott S. Christie*
　　　　　　　　　　　　　　　　　　Scott S. Christie
　　　　　　　　　　　　　　　　　　**MCCARTER & ENGLISH, LLP**
　　　　　　　　　　　　　　　　　　Four Gateway Center
　　　　　　　　　　　　　　　　　　100 Mulberry Street
　　　　　　　　　　　　　　　　　　Newark, New Jersey 07102-4056
　　　　　　　　　　　　　　　　　　Tel:  (973) 622-4444

　　　　　　　　　　　　　　　　　　Erik Paul Belt
　　　　　　　　　　　　　　　　　　Anne E. Shannon
　　　　　　　　　　　　　　　　　　**MCCARTER & ENGLISH, LLP**
　　　　　　　　　　　　　　　　　　265 Franklin St.
　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02110
　　　　　　　　　　　　　　　　　　Tel: (617) 449-6500
　　　　　　　　　　　　　　　　　　ebelt@mccarter.com
　　　　　　　　　　　　　　　　　　ashannon@mccarter.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　*Hayward Industries, Inc.*

ME1 37071890v.1